UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| METROPOLITAN LIFE INSURANCE COMPANY, | No. 2:16-cv-00787-MCE-AC |
|---|---|
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SELENA SANCHEZ, HAYDEE ARIAS SANCHEZ, A.J.S., a minor, and A.J., a minor, | |
| Defendants. | |

Through the present motion, Plaintiff Metropolitan Life Insurance Company ("MetLife") seeks discharge in interpleader now that the contested proceeds to its policy of group life insurance have been paid into the Court's registry. As set forth below, MetLife's motion will be granted.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

This is an interpleader action involving a dispute over entitlement to life insurance benefits payable as a result of the death of Neal Sanchez ("Decedent"). Sanchez died on July 29, 2015.

The underlying facts are undisputed. At the time of his death, Decedent was a participant in the JM Eagle Life and Disability Program ("the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by his employer, JM Eagle, and funded by a group certificate of life insurance issued by MetLife. The Plan benefits included basic life insurance in the amount of $29,000, optional life insurance in the amount of $29,000, and Accidental Death and Dismemberment ("AD&D") insurance in the amount of $29,000, to be payable to designated beneficiaries in accordance with the Plan upon Decedent's death. Decedent's most recent beneficiary designation form on file with the Plan administrator was dated March 5, 2014, and designated Decedent's three children, Selena Sanchez, A.J.S., and A.S., as well as his then wife, Haydee Arias Sanchez, as equal beneficiaries, each to receive 25 percent of his available death benefits.[2]

On or about October 2014, Decedent's employer, JM Eagle, updated its benefits system and as a result required all of its employees to complete new beneficiary designations. Due to a technical error, however, the system did not allow employees to update their beneficiary designations for their life insurance benefits, and instead permitted updates only as to 401(k) beneficiaries. Accordingly, on or about January 10, 2015, Decedent updated his 401(k) beneficiaries to name only his three children, with each to receive 33 percent of available funds. Due to the Plan's glitch, however, Decedent did not update his life insurance beneficiaries, which technically remained designated to be split four ways between his three children and now ex-wife.

///

---

[2] Decedent and his wife apparently divorced between the time he designated these beneficiaries and the date of his death.

2

Following Decedent's death, MetLife received claims from both his daughter, Selena Sanchez and his ex-wife Haydee Arias Sanchez, as well as claims on behalf of his two minor children, AJ.S. and A.S. MetLife approved claims for basic and supplemental life insurance benefits totaling $58,000.00, but denied AD&D benefits pursuant to the terms of the policy.

Given the beneficiary discrepancy outlined, MetLife concluded it was unclear as to whether Decedent intended to name only his three children as the beneficiaries of the Plan benefits, as he did for his 401(k), or instead whether he intended to keep his three children and his former wife as equal beneficiaries. MetLife did pay the uncontested 75 percent of Plan benefits to Decedent's three children, less $7,719.10 in funeral expense, which were deducted from Selena Sanchez' uncontested share. That left the remaining 25 percent share of the $58,000.00 in total proceeds, or $14,500, as the amount in dispute. MetLife filed the present complaint in interpleader as to entitlement to those proceeds on April 18, 2016. It thereafter deposited the disputed $14,500, plus applicable interest in the amount of $57.40, into the Court's registry on May 27, 2015.

Now that the disputed policy proceeds have been paid, MetLife, through the present motion, seeks a discharge from any further liability in this matter. MetLife further asks that the Court award the reasonable attorney's fees and costs it incurred in seeking interpleader relief. No opposition to MetLife's motion has been submitted.

**ANALYSIS**

A stakeholder holding funds or property to which conflicting claims may be made can protect itself from multiple liability, and require potential claimants to litigate between themselves who is entitled to the funds or property, by commencing an action in interpleader. See, e.g., Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1265 (9th Cir. 1992). An interpleader action entails a two-stage process. "'First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from

liability. The second stage involves an adjudication of the adverse claims of the defendant claimants.'" Metro. Life Ins. Co. v. Billini, 2007 WL 4209405 at *2 (E.D. Cal. 2007) (quoting First Interstate Bank of Or. v. U.S., 891 F. Supp. 543, 546 (D. Or. 1995)). The motion presently before this Court focuses on the first stage of the interpleader process.

Jurisdiction over an interpleader may be established in two ways. A "rule interpleader" is brought pursuant to Federal Rule of Civil Procedure 22. Alternatively, subject matter jurisdiction for a so-called "statutory interpleader" rests on the Federal Interpleader Act, 28 U.S.C. § 1335, and exists where there is diversity between the claimants, the amount in controversy exceeds $500.00, and the stakeholder has deposited the disputed funds with the Court. 28 U.S.C. § 1335. MetLife has brought this action as a rule interpleader under Rule 22. Compl, ¶ 6.

The stakeholder seeking discharge and judgment in interpleader has the burden of demonstrating that interpleader is justified. Interfirst Bank Dallas, N.A. v. Purolator Courier Corp., 608 F. Supp. 351, 353 (D.C. Tex. 1985). MetLife has made that requisite showing. As set forth in the Background section of this Memorandum and Order, it is undisputed that Decedent's ex-wife and his three children all claim entitlement to the remaining policy proceeds. MetLife has therefore demonstrated, as it must, that it faces the prospect of multiple liability with respect to its policy proceeds because of conflicting claims.

Once the stakeholder, here MetLife, has satisfied the jurisdictional requirements of an interpleader claim, it is entitled to both a discharge of liability and a dismissal of the action. 28 U.S.C. § 2361; United States v. High Technology Products, Inc., 497 F.3d 637, 641-42 (6th Cir. 2007).

The Court also has discretion to award a disinterested stakeholder its attorney's fees and costs, to be paid from the interpled funds provided the stakeholder has acted in good faith. See Gelfgren v. Republic Nat'l Life Ins.Co., 680 F.2d 79, 81 (9th Cir. 1982). According to the Ninth Circuit, such reimbursement is justified because "by promoting

4

early litigation on ownership of the fund, thus preventing dissipation, . . . the plaintiff should not have to pay attorney fees in order to guard himself against the harassment of multiple litigation." Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp, 306 F.2d 188, 193 (9th Cir. 1962).

Here, there is no indication that MetLife was anything other than a disinterested stakeholder as to the policy proceeds acting in good faith. The court has broad discretion in determining reimbursable fees and costs under that scenario so long as the amounts sought are reasonable. Sun Life Assur. Co. of Canada v. Chan's Estate, 2003 WL 22227881 at *3 (N.D. Cal. Sept 22, 2003). MetLife seeks the recovery of $5,801.34 in that regard, consisting of $3,860.76 in attorney's fees, $444.58 in costs, and an additional $1,496.00 in attorney's fees in preparing this motion and related pleadings. Murray Decl., ¶¶ 2-3 and Ex. 1. The Court finds these sums were reasonable incurred by MetLife in initiating this interpleader action, effecting service of process, preparing the instant motion to dismiss/discharge, and otherwise participating in this litigation.

**CONCLUSION**

Because MetLife has demonstrated that it qualifies for a discharge in interpleader, MetLife's Motion for Interpleader Dismissal and Discharge (ECF No. 20) is GRANTED. The Court consequently orders as follows:

1. MetLife is dismissed from this action with prejudice and discharged of all liability with respect to the JM Eagle Life and Disability Program (the "Plan"), an ERISA-regulated employee welfare benefit Plan issued by MetLife to the Decedent. MetLife is also discharged of all liability with respect to the remaining benefits payable under the Plan ("Plan Benefits").

2. Defendants Selena Sanchez, Haydee Arias Sanchez, A.J.S., a minor, and A.J., a minor, individually, and their respective agents, attorneys and/or assigns are

enjoined and perpetually restrained from instituting any suit at law or equity, or action of any kind whatsoever, against MetLife and/or its parent companies, subsidiary companies, agents, affiliates, representatives or attorneys with respect to the Plan and the Plan Benefits.

3. MetLife is awarded the sum of $5,801.34 as its reasonable attorneys' fees and costs incurred in this action, to be deducted and paid from the funds deposited with the Court, to be made payable via a check to "Metropolitan Life Insurance Company" and to be mailed forthwith to its counsel of record in this action: Hinshaw & Culbertson LLP, Attention: Misty A. Murray, 633 West Fifth Street, 47th Floor, Los Angeles, California 90071.

IT IS SO ORDERED.

Dated: May 12, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE